FILED
01 DEC 27 PM 6:07

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

1:01CV26299

| | | |
|---|---|---|
| DOUGLAS GREENE | : | (Hon. ____________) |
| v. | : | Case No. |
| | : | State Court Case No. 00-404214-CV |
| HONEYWELL INTERNATIONAL, INC., f/k/a AlliedSignal Inc., successor in interest to Bendix Corp. | : | |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

TO: ALL PARTIES ON ANNEXED SERVICE LIST

Honeywell International, Inc. ("Honeywell"), as successor in interest to the Bendix Corporation ("Bendix"), by and through its undersigned counsel, Willman & Arnold, LLP, hereby gives notice of the removal to the United States District Court for the Northern District Eastern Division of Ohio of the claims that have been asserted against Honeywell in the action captioned matter, now pending in the Court of Common Please of the State of Ohio, County of CUYAHOGA, with case No. 00-404214-CV. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure, and as grounds for such removal Honeywell respectfully states as follows:

1. On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc. (collectively "Federal-Mogul") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, commencing bankruptcy case number 01-10578.

2. The above referenced state action, which encompasses the removed claims, was commenced prior to October 1, 2001 by the filing of a complaint in the court where action presently resides.

3. The removed claims are for personal injury or wrongful death asserted against Honeywell, formerly known as AlliedSignal Inc. AlliedSignal Inc. is the successor in interest to Allied Corporation which, in turn, was the successor in interest to The Bendix Corporation. The Automotive Sector of AlliedSignal Inc. was the business unit within AlliedSignal Inc. which continued the "Bendix" line of automotive friction products.

4. Federal-Mogul, or companies acquired by Federal Mogul Global, Inc., are named as co-defendants of Honeywell in this action.

5. The plaintiff[s] in the above referenced action have asserted that joint and several liability arises as to each named co-defendant in this action.

6. As a result, in the above referenced action Honeywell has either affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law.

7. Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

8. The above referenced claims for personal injury asserted against Honeywell, as well as the cross-claims asserted by Honeywell and the corresponding cross-claims asserted by Federal-Mogul may be removed to this Court pursuant to 28 U.S.C. § 1452(a). Removal of these claims is proper because the removed claims are: asserted in a civil action; not exempt from removal; and this Court has subject matter jurisdiction over the removed claims pursuant to 28 U.S.C. §1334 due to the fact that these cross-claims asserted by and against Honeywell are related to Federal-Mogul's bankruptcy proceeding. See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1996) (holding that Section 1334(b) "related to" subject matter jurisdiction exists over actions for indemnification and contribution claims asserted by non-debtor co-defendants against the debtor).

9. Removal to this Court is timely pursuant to Rule 9027 (a)(2) of the Federal Rules of Bankruptcy Procedure in that the claims in the civil action were pending before the commencement of the Federal-Mogul bankruptcy case on October 1, 2001, and this Notice has been filed within ninety days of the Order for Relief from the Bankruptcy Court.

10. Consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. § 1452. See Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). Further, a cost bond is not required to accomplish this removal.

11. Upon removal, the proceedings with respect to the removed claims are non-core. Honeywell does not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

12. Contemporaneously with this filing, Honeywell filed a Motion to Transfer, pursuant to 28 U.S.C. §§ 157 (b)(5) (the "Transfer Motion"), with the United States Bankruptcy Court for the District of Delaware, attached hereto as Exhibit A, asking that Court to issue a provisional order

to transfer the above referenced removed claims for a consolidated resolution of the threshold scientific question, by means of a Daubert hearing, whether the plaintiffs in the underlying actions can establish that automotive friction products containing encapsulated asbestos fibers can be the proximate cause of certain asbestos-related medical disorders. See 28 U.S.C. § 157(b)(5) (1994); Daubert v. Merril Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); In re Dow Corning Corp., 86 F.3d at 496-97 (holding that 28 U.S.C. § 157 (b)(5) vests the power to fix venue over personal injury or wrongful death actions pending against non-debtor co-defendants which are "related to" a debtor's bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b), with the district court where the bankruptcy case resides).

13. On December 10, 2001, the United States District Court for the District of Delaware issued a provisional Order, attached hereto as Exhibit B, granting the exact same relief to Daimler Chrysler Corporation, Ford Motor Company and General Motors Corporation (collectively the "Auto Makers"), as that requested by Honeywell in this Notice. The Delaware District Court ordered the transfer of the removed claims and causes of action for personal injury or wrongful death asserted against the Auto Makers arising from automotive friction products. Accordingly, Honeywell respectfully requests that this Court stay any subsequent motions requesting this Court to abstain and/or remand these claims to the state court until the Honeywell Transfer Motion is resolved by the Delaware District Court.

**NOTICE**

14. A copy of this Notice of Removal and related documents has been served on all known counsel of record for all represented parties and upon all unrepresented parties to the action pending in state court.

Dated: December 27, 2001
Pittsburgh, Pennsylvania

Respectfully submitted,

**Ruth A. Antinone, Esquire**
**(Ohio I.D. # 0005727)**
**Glenn A. Huetter, Jr., Esquire**
**(Ohio I.D. # 0064920)**
**Willman & Arnold, LLP**
**705 McKnight Park Dr.**
**Pittsburgh, PA 15237**
Attorney for Defendant
Honeywell International, Inc. f/k/a
AlliedSignal Inc., Successor in Interest to
Bendix Corp.

## CERTIFICATION OF SERVICE

I, the undersigned, hereby certify that on December 27, 2001, I caused a true and correct copy of Defendant's Notice to Remove Pursuant to 28 U.S.C. 1452 of the United States Code and Rule 9027 of the Federal Rules Of Bankruptcy Procedure to be served on all known counsel for record and, attorneys for Plaintiff(s) by first class mail, postage prepaid.

**Ruth A. Antinone, Esquire**
**(Ohio I.D. # 0005727)**
**Glenn A. Huetter, Jr., Esquire**
**(Ohio I.D. # 0064920)**
**Willman & Arnold, LLP**
**705 McKnight Park Dr.**
**Pittsburgh, PA 15237**
Attorney for Defendant
Honeywell International, Inc. f/k/a
AlliedSignal Inc., Successor in Interest to
Bendix Corp.

Dated: December 27, 2001
Pittsburgh, Pennsylvania



SFNJ1 784539V1